Justice Dirk M. Sandefur delivered the Opinion and Order of the Court.
*1287 ***399 ¶1 By petition filed March 1, 2019, the Montana Office of State Public Defender (OPD) petitions this Court to exercise supervisory control over the Cascade County Justice Court regarding certain orders directing OPD to appoint a public defender to represent the underlying criminal defendant[1] on the sole charged offense of theft, a misdemeanor in violation of § 45-6-301(1), MCA.[2] Pursuant to §§ 47-1-104(4) and 46-8-101(3), MCA, OPD asserts that the Justice Court has no authority to compel it to provide a public defender to represent an indigent criminal defendant charged with a non-jailable misdemeanor offense. OPD thus asserts that the Justice Court is proceeding under a mistake of law for which OPD has no right of ordinary appeal, thereby resulting in gross injustice by requiring it to act in excess of its statutory duty and authority. In response, the Justice Court contrarily asserts that the underlying defendant has an unwaived right to government-provided counsel under the Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article II, Section 24, of the Montana Constitution. The Justice Court further asserts that "any legislation," such as § 46-8-101, MCA, "enacted for the purpose of taking away a [d]efendant's right to [counsel] and thus save money is unconstitutional." Upon consideration of OPD's petition, the Justice Court's response, limited facts of record, and governing law, we find that exercise of supervisory control is necessary and proper and accordingly reverse and remand for further proceedings consistent with this Opinion and Order.
***400 ISSUES PRESENTED
1. Whether exercise of supervisory control is necessary and proper in this case?
2. Whether the Justice Court erroneously denied OPD's motion to rescind its order for appointment of counsel pursuant to §§ 47-1-104(4) and 46-8-101(3), MCA ?
FACTUAL AND PROCEDURAL BACKGROUND
¶2 Alleging that the defendant exercised "unauthorized control" with purpose to deprive the owner of property with an alleged value of $ 650, the State charged the defendant by complaint with the offense of theft, a misdemeanor in violation of § 45-6-301(1), MCA. Based on the limited record provided, the charge is currently pending in justice court on an unsworn, standard-form Notice to Appear and Complaint issued by a deputy of the Cascade County Sheriff on August 28, 2018, referencing the alleged commission of the offense on that same date.[3] The complaint does not specify whether the offense is charged as a first or subsequent offense. However, in subsequent orders regarding appointment of counsel on December 10, 2018, January 23, 2019, and February 27, 2019, the Justice Court asserts that the defendant is charged with first-offense misdemeanor theft, in violation of § 45-6-301, MCA.
¶3 At her combined initial appearance and arraignment on the charge in or about early December 2018, the defendant pled not guilty and, in response to questions from the court, *1288 stated her desire for counsel, stated she could not afford to hire private counsel, and requested a public defender. On December 10th, the court issued a written order directing OPD to appoint a public defender. However, upon OPD's motion asserting that § 45-6-301(7)(a), MCA (2017), precludes "jail time" as an available sentencing option on a conviction for first-offense misdemeanor theft, the Justice Court issued a subsequent written order rescinding its prior order for appointment of counsel.
¶4 By sua sponte order filed January 23, 2019, the Justice Court reversed course a second time and, without elaboration, again ordered OPD to appoint counsel to represent the defendant on "1st Offense" theft. OPD responded and again moved the court to rescind the order ***401 pursuant to §§ 47-1-104(4)(a)(i) and 45-6-301(7)(a), MCA (2017). Following a "brief hearing on the motion," the Justice Court subsequently issued written findings of fact, conclusions of law, and judgment denying the motion. Though expressly noting that the case was charged as a first offense and that § 45-6-301(7)(a) (2017) thus precluded incarceration as a sentencing option, the Justice Court denied the motion to rescind on the asserted ground that an uncounseled conviction on a first offense would, as a matter of law, render any second or subsequent conviction for theft "constitutionally infirm." OPD seeks immediate review by supervisory control.
DISCUSSION
¶5 1. Whether exercise of supervisory control is necessary and proper in this case?
¶6 This Court has "general supervisory control over all other [Montana] courts." Mont. Const. art. VII, § 2 (2). We generally exercise supervisory control only by discretionary writ under extraordinary circumstances including, as pertinent here, where a lower "court is proceeding under a mistake of law" which otherwise will result in significant injustice for which ordinary appeal will not be an adequate remedy. M. R. App. P. 14(3) ; Park v. Mont. Sixth Judicial Dist. Court , 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267. In this track, judicial economy and avoidance of "inevitable procedural entanglements" are "appropriate reasons" for exercise of supervisory control. Truman v. Mont. Eleventh Judicial Dist. Court , 2003 MT 91, ¶ 15, 315 Mont. 165, 68 P.3d 654. However, we will not allow use of supervisory control to circumvent the ordinary appeal process.
¶7 As a threshold matter, OPD is not a party to the underlying action. However, it is nonetheless uniquely injected into the underlying proceeding by law as an ancillary third party directly subject to and affected by lower court orders directing it how to proceed within its limited statutory authority. See §§ 47-1-104(1), (3), (4)(a), MCA. As a matter of law, OPD has no right or remedy of appeal in this context. See §§ 46-20-101, -103, -104, MCA ; M. R. App. P. 1(2), 4(1), 4(2)(a), 4(4)(a). OPD's petition raises a meritorious issue of law as to whether the Justice Court is acting under a mistake of law that will require OPD to act in excess of its limited statutory duty and authority. Under these extraordinary circumstances, we hold that exercise of supervisory control is necessary and proper.
¶8 2. Whether the Justice Court erroneously denied OPD's motion to rescind its order for appointment of counsel pursuant to §§ 47-1-104(4)
***402 and 46-8-101(3), MCA ?
¶9 OPD "is required to deliver public defender services in all courts in this state" in accordance with Title 47, MCA. Section 47-1-104(1), MCA. See also §§ 46-8-101(2), -104(1), MCA (referencing Title 47, MCA). A "court may order" OPD to assign a public defender in any criminal case where a defendant desires the assistance of counsel, is financially unable to retain counsel, and "is entitled [by law ] to assistance of counsel at public expense...." See § 47-1-104(4)(a), MCA (emphasis added). As of 2017, upon request of a criminal defendant who asserts inability to retain private counsel, "the court shall order [OPD] ... to assign counsel to represent the defendant" pending determination of eligibility if the charged offense is either a felony or "a misdemeanor" for which "incarceration is a sentencing option...."
*1289 Section 46-8-101(2), MCA.[4] Though certainly not the model of clarity, § 46-8-101(2) - (3), MCA, manifestly provides that the assistance of counsel at public expense is not available regarding a charged misdemeanor that is either not punishable by incarceration by definition of the offense or in regard to which the court may discretionarily waive incarceration as a penalty by order at the defendant's initial appearance.
¶10 The offense of theft involving property not exceeding $ 1,500 in value is a misdemeanor offense. See §§ 45-1-201, 45-2-101(42), MCA, § 45-6-301(7), MCA (2017). As a matter of law, second or subsequent offenses of misdemeanor theft are subject to incarceration upon conviction. See § 45-6-301(7), MCA (2017). However, as of 2017, the maximum penalty for first-offense theft of property not exceeding $ 1,500 in value, is a $ 500 fine without potential for incarceration. Section 45-6-301(7)(a), MCA (2017). Thus, pursuant to §§ 45-6-301(7)(a), MCA (2017), 46-8-101(2) - (3), 47-1-104(1) and (4)(a), MCA, OPD has no duty or authority to appoint counsel to represent a criminal defendant charged with first-offense theft of property not exceeding $ 1,500 in value.
¶11 The Justice Court essentially cursorily asserts that ***403 § 46-8-101(2) - (3), MCA, contravenes the right to counsel separately guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24, of the Montana Constitution. However, the Sixth Amendment does not guarantee the right to counsel at public expense regarding misdemeanor offenses not punishable by incarceration, regardless of whether an uncounseled misdemeanor may later be a basis for sentencing enhancement upon a subsequent conviction for a jailable offense. See Nichols v. United States , 511 U.S. 738, 743-48, 114 S. Ct. 1921, 1925-28, 128 L.Ed.2d 745 (1994) ; Scott v. Illinois , 440 U.S. 367, 370-73, 99 S. Ct. 1158, 1160-62, 59 L.Ed.2d 383 (1979) ; State v. Spotted Eagle , 2003 MT 172, ¶¶ 15-21, 34, 316 Mont. 370, 71 P.3d 1239 (applying Nichols and Scott ). We are aware of no authority or other basis supporting the proposition that Article II, Section 24, of the Montana Constitution provides any greater right than the Sixth Amendment in this context. We hold that the Justice Court erroneously concluded that § 46-8-101, MCA, contravenes the Sixth Amendment and Montana constitutional rights to assistance of counsel. Thus, we hold further that the Justice Court erroneously ordered OPD to appoint counsel to represent the defendant in this case.
¶12 As always, the risk of undercharging a misdemeanor offense remains on the State to avoid through reasonable diligence in the initial charging decision and, as necessary, by timely motion to amend or dismiss. If a court is concerned that it does not have sufficient information upon which to timely exercise its discretion to waive incarceration on misdemeanor prosecution pursuant to § 46-8-101(3), MCA, the court is certainly free in its sound discretion to order the State to make inquiry of the appropriate criminal justice information system and timely report to the court on the defendant's criminal history prior to further proceedings.
¶13 IT IS HEREBY ORDERED that OPD's petition for writ of supervisory control is GRANTED.
¶14 IT IS FURTHER ORDERED that the Justice Court's above-referenced orders ordering OPD to provide a public defender to represent the underlying defendant on the offense of first-offense misdemeanor theft are hereby REVERSED. This matter is hereby remanded to the Justice Court for further proceedings consistent with this Opinion.
Dated this 1st day of May, 2019.
We Concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
BETH BAKER, J.
JIM RICE, J.

See State v. McLaughlin , Cause No. CR-265-2018-660, Cascade County Justice Court.

See Order Appointing Counsel , filed January 23, 2019, and Order Denying Motion to Rescind Public Defender Appointment, filed February 27, 2019.

The record presented does not indicate whether the State subsequently filed a more formal case-specific complaint signed by the County Attorney supported by affidavit or verification.

If the charged offense is a misdemeanor for which incarceration is a sentencing option, "the court may," in its discretion by order at the initial appearance, waive incarceration as a sentencing option upon conviction. Section 46-8-101(3), MCA. If the court so waives incarceration as a sentencing option upon a misdemeanor, "a public defender may not be assigned" and the court shall further "inform the defendant that the assistance of counsel at public expense ... is not available" but that it will give the defendant time "to consult with an attorney before" the defendant pleads to the offense. Section 46-8-101(3), MCA.